# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

**UNITED STATES OF AMERICA**,

        Plaintiff,

v.                                       **Case No. 18-03120-01-CR-S-BP**

**CHARLES D. KESSLER,**

        Defendant.

## MOTION OF THE UNITED STATES FOR PRETRIAL DETENTION HEARING PURSUANT TO TITLE 18, UNITED STATES CODE, SECTION 3142(f)

The United States of America, by the United States Attorney for the Western District of Missouri, does hereby move that the Court order a pretrial detention hearing pursuant to 18 U.S.C. § 3142(f), for the purpose of presenting evidence to determine whether any condition or combination of conditions of release will reasonably assure Defendant's appearance as required by the Court and the safety of other persons and the community. As grounds for the motion, the United States submits that:

1. There is probable cause to believe that Defendant committed the offenses charged in the Indictment, including possession with the intent to distribute five grams or more of methamphetamine (actual), in violation of 21 U.S.C. § and 841(a)(1) and (b)(1)(B); and possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A);

2. Defendant poses a risk to the safety of others in the community; and

3. Defendant poses a flight risk.

## SUPPORTING SUGGESTIONS

Subsection 3142(f) of Title 18 of the United States Code provides that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of

conditions will reasonably assure the defendant's appearance and the safety of any other person in the community if the attorney for the Government moves for such a hearing and if the case involves an offense under the Controlled Substances Act (21 U.S.C. § 801 *et seq.*) for which imprisonment for 10 years or more is possible. In this case, Defendant is charged with possession with the intent to distribute five grams or more of methamphetamine (actual), which carries a minimum sentence of five years and a maximum sentence of 40 years of imprisonment.

The Government further submits that, in light of the Indictment filed in this case, there is probable cause to believe Defendant violated 21 U.S.C. § and 841(a)(1) and (b)(1)(B). Accordingly, the Government contends that upon a showing that there exists probable cause that Defendant committed the offense referred to in Count One of the Indictment, there is a legal presumption, subject to rebuttal by Defendant, that no condition or combination of conditions will reasonably assure his appearance or assure the safety of the community. *See United States v. Apker*, 964 F.2d 742, 743–44 (8th Cir. 1992); *United States v. Dorsey*, 852 F.2d 1068, 1069–70 (8th Cir. 1988).

Section 3142(e) and (f)(1) provide that a presumption that a defendant will not appear for subsequent court appearances arises if the offense is one enumerated under the Controlled Substance Act, as referred to above. Under the Bail Reform Act, there is also a presumption that the likelihood of flight increases with the severity of the charges, the strength of the Government's case, and the penalty that conviction could bring. *See Apker*, 964 F.2d at 744; *see also United States v. Soto Rivera*, 581 F.Supp 561 (D.C. Puerto Rico 1984); *United States v. Menster*, 481 F.Supp. 1117 (D.C. Fla. 1979). As set forth above, Defendant's statutory sentencing range is currently a term of imprisonment of not less than five years and not more than 40 years for the offense of possession with the intent to distribute five grams or more of

methamphetamine (actual). Additionally, Defendant is exposed to a consecutive, mandatory minimum sentence of five years of imprisonment and a maximum sentence of life imprisonment for the offense of possession of a firearm in furtherance of a drug trafficking offense.

In further support of the Government's contention that Defendant is a risk to the safety of the community and poses a flight risk, the Government offers that:

1. The present charges arise from a search warrant executed at Defendant's residence in Douglas County, Missouri, on January 5, 2017, yielding 37.8 grams of actual methamphetamine, a firearm, and indicia of methamphetamine distribution. Defendant consented to a search of his mobile phone at the scene and investigators observed a message received the previous day indicating Defendant's suspected source of methamphetamine would receive more product soon.

2. On January 7, 2017, investigators executed a search warrant at the residence of Defendant's suspected source of methamphetamine and discovered, among other things, one-half pound of methamphetamine and $17,500 in U.S. currency. A suspected co-conspirator was interviewed at the residence and stated Defendant was receiving "large amounts" of methamphetamine to sell.

3. Defendant has been convicted of the following offenses:

    a. Possession of a controlled substance in Douglas County, Missouri, on or about May 7, 2015;

    b. Theft in Whiteside County, Illinois, on or about August 2, 2006;

    c. Aggravated battery in Whiteside County, Illinois, on or about May 9, 2006;

    d. Retail theft in Rock Island County, Illinois, on or about November 16, 2004;

    e. Obstructing justice in Whiteside County, Illinois, on or about October 24, 2001; and

    f. Burglary in Whiteside County, Illinois, on or about April 28, 1999.

4. Law enforcement records also suggest there is an active, Illinois-only warrant for Defendant's arrest in connection with his 2006 theft conviction.

5. Significant time and resources were expended in order to apprehend Defendant after a warrant was issued for his arrest in the above-captioned matter on November 6, 2018.

6. When law enforcement did eventually locate Defendant, he locked himself in a bathroom and only surrendered after being warned that a chemical agent would be deployed to safely secure his compliance.

For the reasons set forth above, the United States requests that a detention hearing be held and that Defendant be denied bail.

Respectfully submitted,

TIMOTHY A. GARRISON
United States Attorney
Western District of Missouri

By  */s/ Byron H. Black*
Byron H. Black
Minnesota Bar No. 0395274
Assistant United States Attorney
901 St. Louis Street, Suite 500
Springfield, Missouri 65806-2511

## Certificate of Service

The undersigned hereby certifies that a copy of the foregoing was delivered on December 27, 2018, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

*/s/ Byron H. Black*
Byron H. Black
Assistant United States Attorney